UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WM International LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>Shenzhen Jisu Technology Co., Ltd.,<br><br>*Defendant*. | **Case No. 25-cv-1714**<br><br>**Complaint For Declaratory Judgment**<br><br>**Jury Trial Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiff WM International LLC d/b/a PlayHot-US ("Plaintiff"), against Defendant Shenzhen Jisu Technology Co., Ltd. ("Defendant"), seeking a declaration that Plaintiff's Handheld Portable Turbo Fan, identified by ASIN B0D97YVVQ2 (the "Accused Product") do not directly or indirectly infringe U.S. Design Patent No. D1,067,933S1 (the " '933 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**INTRODUCTION**

-1-

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

1. Plaintiff received a notice from Amazon.com ("Amazon") dated August 29, 2025, stating that Amazon had received a report from Defendant alleging that the Accused Product infringes U.S. Design No. D1,067,933S1. *See* Exhibit A.

2. Defendant's infringement complaint to Amazon has caused, and continues to cause, significant harm to Plaintiff. Amazon has already removed the Accused Products from its marketplace, thereby cutting off Plaintiff's primary U.S. sales channel. As a result, Plaintiff has suffered immediate and ongoing lost sales, loss of associated goodwill in the product listings, and substantial reputational harm. Plaintiff seeks a declaration that its Accused Product does not infringe the '933 Patent.

## NATURE OF THE ACTION

3. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continue to cause significant harm to Plaintiff, as the Accused Product has been removed from Amazon through enforcement of the '933 Patent.

4. This action further seeks damages for Defendant's tortious activities.

## PARTIES

5. Plaintiff WM International LLC is a limited liability company organized under the laws of the Commonwealth of Virginia, United States, with its principal place of business at 10305 Beach Mill Rd, Great Falls, Virginia 22066.

6. Upon information and belief, Defendant Shenzhen Jisu Technology Co., Ltd. is a corporation organized under the laws of China, with its principal place of business at Room 301, Building B, No. 17, Yongxiang East Road, Ma'antang Community, Bantian St., Longgang District,

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

Shenzhen, Guangdong, China. Defendant is identified as the assignee of the '933 Patent and is the rights owner that filed the Amazon complaint against Plaintiff's products.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 101 et seq.

8. An actual case or controversy exists between the parties to this action. Defendant's actions have caused and continue to cause significant harm to Plaintiff, as the Accused Product has been removed from Amazon through the enforcement of the '933 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et seq.

9. This Court has personal jurisdiction over Defendant in this action at least because Defendant initiated and continues to pursue enforcement proceedings concerning the '933 Patent within this judicial district. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Specifically, Defendant submitted a complaint of infringement of the '933 Patent to Amazon.com, Inc. ("Amazon"), which has a place of business located at 410 Terry Ave. N, Seattle, WA 98109. Each claim presented herein arises from Defendant's actions directed at this forum, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

10. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

## THE ACCUSED PRODUCT

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

11. On August 29, 2025, Amazon sent a notice to Plaintiff stating that its Handheld Portable Turbo Fan listings had already been removed from the platform. The notice from Amazon is attached hereto as Exhibit A. The removed listings were associated with Plaintiff's Amazon seller account bearing Seller ID A2VKQYQATT0KG1.

12. In the notices, Amazon informed Plaintiff that the right owner of the '933 Patent is identified as Defendant, with the rights owner's email address listed as lllayla@jisulife.com. *Id.* The alleged infringement type is Patent, and the Patent Number is D1,067,933 S1. *Id.* Amazon also referenced "D29935935," which is not a separate patent but a misformatted reference to the '933 Patent's application number (29/935,935).

13. The Amazon marketplace constitutes Plaintiff's primary sales channel in the United States. To remain competitive in the United States market for the Accused Product, Plaintiff must maintain its product listings on Amazon. Defendant's infringement complaint has already resulted in the removal of Plaintiff's listings from Amazon, thereby cutting off access to Plaintiff's most significant channel of trade. As a result, Defendant's submission of the infringement complaint to Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiff, including lost sales, loss of goodwill, and reputational damage.

## U.S. DESIGN PATENT NO. 1,067,933 S1

14. The '933 Patent is entitled "Handheld Portable Turbo Fan." It claims the ornamental design of a handheld portable turbo fan, as shown and described in the patent figures. *See* Exhibit B.

15. The '933 Patent was issued on March 25, 2025. It contains a single claim directed to the ornamental appearance of the handheld portable turbo fan as depicted in the drawings. *See Id.*

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

# COUNT I

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '933 Patent)**

16. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

17. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning the non-infringement of the '933 Patent by the Accused Product, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '933 Patent.

18. Plaintiff's Accused Product does not infringe the '933 Patent under the ordinary observer test. When the designs are viewed as a whole and in light of the prior art, the overall visual impression of Plaintiff's product is plainly distinct from the ornamental design claimed in the '933 Patent. *See* Exhibit C.

19. The '933 Patent claims ornamental designs for graphical user interfaces displayed on portable fans. It contains three distinct sets: FIGS. 1–9: a circular display on the fan head, depicting two-digit numerals in combination with icons such as a battery symbol or a wind symbol. FIGS. 10–18: a rectangular display on the handle, likewise showing two-digit numerals together with a battery icon. FIGS. 19–27: an elongated oval (elliptical) display on the handle, showing two-digit numerals with either a battery or wind icon.

20. Plaintiff's Accused Product, however, differs substantially from the claimed designs. The Accused Product incorporates: a circular display on the fan head, not on the handle; single-digit numerals (1–5) accompanied by segmented LED battery bars, rather than two-digit numerals with outline battery or wind icons; no "AIR VOLUME" or "POWER" text, and no use of the patented iconography.

21. These differences in display location (head vs. handle), screen shape (circular vs. rectangular/oval), and GUI content (single-digit + LED bars vs. two-digit numerals + icons) result in a substantially different overall visual impression.

22. Under the ordinary observer test, no ordinary observer would be deceived into believing that Plaintiff's Accused Product is substantially the same as, or embodies, the patented designs of the '933 Patent.

23. Plaintiff seeks a declaratory judgment that the Accused Product does not infringe the '933 Patent under the ordinary observer test, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.*

## COUNT II
### (Tortious Interference with Contractual Relations)

24. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

25. Under Washington law, the elements of a claim for tortious interference with a contractual relationship are: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage. *Tacoma Auto Mall, Inc. v. Nissan North America, Inc.*, 279 P.3d 487, 498 (Wash. Ct. App. 2012).

26. Plaintiff has a valid and existing contract with Amazon in order to sell its products through Amazon.com.

27. Plaintiff is informed and believes, and on that basis alleges, that Defendant knew of Plaintiff's contractual relationships with Amazon.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

28. Plaintiff is informed and believes, and on that basis alleges, that Defendant intentionally interfered with that contractual relationship by knowingly and intentionally asserting materially false allegations of patent infringement under the '933 Patent against Plaintiff, for the purpose of causing Plaintiff's listings to be removed from Amazon and eliminating Plaintiff's lawful competition.

29. As a result of Defendant's improper acts, Plaintiff's listings were removed from Amazon. Defendant's improper acts interfered with Plaintiff's existing contracts with Amazon, including but not limited to the Amazon Services Business Solutions Agreement, impacting Plaintiff's abilities to fulfill their contractual obligations with Amazon.

30. As a result of Defendant's improper acts, Plaintiff's contractual relationships and/or business expectancy with Amazon are compromised, and Plaintiff has suffered interruptions of their ongoing business activities with Amazon.

31. As a result of Defendant's improper acts, Plaintiff has suffered direct, proximate, and foreseeable damage and continues to suffer direct, proximate and foreseeable damages.

32. Defendant's efforts to have Plaintiff's products delisted through improper means was and is in itself unlawful and improper.

33. By reason of Defendant's acts, Plaintiff is entitled to equitable remedies and damages in an amount to be proven at trial.

### COUNT III
### (Unfair Competition in Violation of the Washington Consumer Protection Act (RCW 19.86.020 et seq.))

34. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

35. The Washington Consumer Protection Act (CPA) makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or

commerce." Rev. Code Wash. 19.86.020. The elements for a private CPA claim are: 1) an unfair or deceptive act or practice, 2) occurring in trade or commerce, 3) affecting the public interest, 4) injury to a person's business or property, and 5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 889 (Wash. 2009).

36. Upon information and belief, Defendant offers for sale a variety of products on Amazon, including but not limited to pet-related products, which directly compete with Plaintiff's Accused Product.

37. It is in the public interest for consumers to be able to choose from a wide variety of products when shopping online such as on Amazon.

38. Defendant engaged in unfair competition in violation of Washington's Consumer Protection Act, RCW 19.86.020 et seq., by committing unfair and deceptive acts—namely, filing baseless patent infringement complaints with Amazon that resulted in the removal of Plaintiff's product listings. These acts occurred in trade or commerce, impacted the public interest in Washington by limiting consumer choice, and directly caused injury to Plaintiff's business and property.

39. As a result of Defendant's conduct, Plaintiff is entitled to damages in an amount to be proven at trial, including reasonable attorneys' fees, costs, and treble damages under RCW 19.86.090.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For judgment in favor of Plaintiff against Defendant on all claims.

B. Declaring that Plaintiff's Accused Product does not infringe any of the claims of the '933 Patent;

C. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Plaintiff's Accused Product based on the '933 Patent, and to refrain from lodging any further infringement complaints regarding the same (the "Order");

D. Ordering Defendant to return to the Court with proof of compliance of the Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney;

E. A finding that this case is exceptional and an award to Plaintiff of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

F. Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

G. Awarding Plaintiff their costs of suit, including the costs of experts and reasonable attorneys' fees pursuant to, inter alia, Washington's Consumer Protection Act, due to the exceptional nature of this case, or as otherwise permitted by law;

H. Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

I. Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

J. Awarding pre- and post-judgment interest; and

K. Awarding Plaintiff such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: September 6, 2025

By: /s/ Ruoting Men
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

506 Second Avenue, Suite 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

**Counsel for Plaintiff**

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049