UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WM INTERNATIONAL LLC,<br>Plaintiff,<br><br>v.<br><br>SHENZHEN JISU TECHNOLOGY CO., LTD.,<br>Defendant. | CASE NO. 2:25-cv-01714-TL<br><br>ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE EARLY MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter is before the Court on Plaintiff WM International LLC's Motion for Leave to File Early Motion for Partial Summary Judgment of Non-Infringement of U.S. Patent No. D1,067,933. Dkt. No. 30. Plaintiff requests leave to file a motion for partial summary judgment that its fan does not infringe U.S. Patent No. D1,067,933 ("'933 patent"), asserting it is well suited to early resolution because resolving the issue regarding this design patent will not require claim construction or any further discovery. *Id.* at 8.

To determine whether a design patent has been infringed, courts use the ordinary observer test which provides: "'[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.'" *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)). Plaintiff asserts that "the Court can view for itself, no discovery . . . can change the result [that] designs this 'plainly dissimilar' do not infringe as a matter of law." Dkt. No. 30 at 4. But Defendant provides specific examples of similarities between the infringing product and the '933 patent and that Amazon did remove the WM product for a period which is "a real-world indicator of whether third parties would consider these designs confusingly similar," raising a factual dispute as to what an ordinary observer would believe when viewing the similarities. Dkt. No. 37 (response brief) at 2. Defendant further asserts that discovery is needed about the reasons Amazon removed the WM product when considering the '933 patent, as well as factual data, witness testimonies, and potentially survey data which would mean any partial motion for summary judgment motion will be met by a request for further discovery under Federal Rule of Civil Procedure 56(d). *Id.* Plaintiff chose not to file a reply and rebut these assertions, leaving the Court to assume that Defendant's argument has merit.

Accordingly, the Court DENIES Plaintiff's motion for leave to file a motion for partial summary judgment.

Dated this 21st day of October, 2026.

Tana Lin
United States District Judge